UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

SAN ANTONIO DIVISION

CASE NO.: 5:17-cv-102

RACHEL GOMEZ GARCEZ, on behalf of
herself and all others similarly situated,
       Plaintiff,
vs.                                                *{Jury Trial Demanded}*

NEXTSTEP DEVELOPMENT INC d/b/a ECONOLODGE
DOWNTOWN SOUTH,

       Defendant.
_____/

## COMPLAINT

Plaintiff, RACHEL GOMEZ GARCEZ, on behalf of herself and all others similarly situated, by and through counsel, hereby sets forth this Representative Action Complaint for Violation of the Fair Labor Standards Act as follows:

## NATURE OF THE COMPLAINT

1. Plaintiff, RACHEL GOMEZ GARCEZ (hereinafter, "Plaintiff"), brings this action against Defendant, NEXTSTEP DEVELOPMENT INC d/b/a ECONOLODGE DOWNTOWN SOUTH (hereinafter "Defendant"), for unpaid overtime wages and related penalties. Plaintiff alleges, on behalf of herself and all other similarly situated employees of Defendant, that Defendant failed and refused to pay Plaintiff, and all others similarly situated, the proper overtime pay for time worked in excess of 40 hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, Et. Seq.

2. Plaintiff seeks declaratory relief, unpaid overtime pay, liquidated and/or other damages as permitted by applicable law, and attorney's fees, costs, and expenses incurred in this action.

3. At all times relevant hereto, Defendant had an illegal practice and policy of paying non-exempt housekeeper's a straight time rate for all overtime hours worked and refused to pay the proper overtime pay due and owing to Plaintiff and all other similarly situated employees in violation of the FLSA.

## JURISDICTION AND VENUE

4. This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case is brought under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.*

5. The Western District of Texas has personal jurisdiction over Defendant because they are doing business in this judicial District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claim occurred in this District.

**A.** **Plaintiffs**

**Named Plaintiff**

7. Plaintiff, RACHEL GOMEZ GARCEZ, is a resident of this judicial district. Defendant employed Plaintiff as a housekeeper from on or about April 11, 2015 through on or about July 3, 2016. Plaintiff's Consent to Join is attached as Exhibit "A."

8. At all relevant times, Plaintiff was an employee of Defendant for FLSA purposes.

**Representative Action Members**

9. Opt-in Plaintiff, IMELDA AVILA, is a resident of this judicial district. Defendant employed Plaintiff as a housekeeper from on or about July 19, 2015 through on or about July 9, 2016. Ms. Avila's Consent to Join is attached as Exhibit "B."

10. The putative members of the representative action are those current and former employees of Defendant who are similarly situated to Plaintiff; i.e., those housekeepers who were not paid their regular or statutorily required overtime rate of pay for all hours worked.

**A. Defendant**

11. Defendant NEXTSTEP DEVELOPMENT INC d/b/a ECONOLODGE DOWNTOWN SOUTH, is a domestic for-profit corporation based conducting business in this jurisdiction.

12. Upon information and belief, Defendant employed or employs the named Plaintiff, opt-in Plaintiff, and the putative members in the representative action.

**REPRESENTATIVE ACTION ALLEGATIONS**

13. Plaintiff brings this Complaint as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons who were or are employed by Defendant as non-exempt employees who have not been compensated at the overtime premium rate for all hours worked in excess of 40 hours per week.

14. This Complaint may be brought and maintained as an "opt-in" collective action, pursuant to 29 U.S.C. § 216(b), for all claims asserted by the Representative Plaintiff because her claims are similar to the claims of the putative plaintiffs of the representative action.

15. The names and addresses of the putative members of this representative action are available from Defendant. To the extent required by law, notice will be provided to said individuals via First Class Mail and/or by the use of techniques and a form of notice similar to those customarily used in representative actions.

**FACTUAL BACKGROUND**

16. Plaintiff RACHEL GOMEZ GARCEZ worked an average of 65 hours per week for every week that she worked. Plaintiff was paid her straight hourly rate for all hours worked, including all hours worked in excess of 40 hours per week. For example. The week ending June 6, 2015, Plaintiff Garcez worked approximately 54.9 hours; however, she was only compensated for 40 hours of work.

17. Opt-in Plaintiff IMELDA AVILA worked an average of 65 hours per week for every week that she worked. Plaintiff was paid her straight hourly rate for all hours worked, including all hours worked in excess of 40 hours per week. For all hours worked in excess of 40 per week, she was paid cash under the table at her straight hourly rate.

18. As housekeepers, Plaintiff, opt-in Plaintiff, and the putative class members were required clean rooms, bathrooms, and maintain the hallways and lobby area.

19. Defendant failed or refused to pay its employees the proper overtime pay for all hours worked in excess of 40 hours per week.

20. Employees were only paid a straight-time rate in cash only for all hours worked in excess of 40 hours per week.

21. Defendant's management directed and/or was aware of employees not being properly compensated for all hours worked and therefore willfully violated the FLSA.

**VIOLATION OF THE FAIR LABOR STANDARDS ACT**

22. Plaintiff, RACHEL GOMEZ GARCEZ, on behalf of herself and all other similarly situated employees of Defendant, re-alleges and incorporates herein the allegations contained in the preceding paragraphs as if they were set forth fully herein.

23. At all relevant times, Defendant has been and continue to be an "employer" engaged in the interstate "commerce" and/or in the production of "goods" for "commerce" (i.e. the hotel services business) within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant had employed and/or continues to employ "employee[s]," including Plaintiff and each of the putative members of the FLSA representative action who themselves handled goods that had travelled in interstate "commerce." At all times, Defendant had gross operating revenues in excess of $500,000.00 per annum.

24. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees for all hours worked in excess of 40 hours per week at time and a half of the employee's regular rate of pay.

25. Plaintiff and the putative members of the FLSA representative action are not exempt from the right to receive the appropriate overtime pay under the FLSA.

26. As a result of Defendant's failure to compensate its employees, including Plaintiff, RACHEL GOMEZ GARCEZ, and all similarly situated employees at

5

the overtime rate of pay, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. § 207(a)(1).

## **PRAYER FOR RELIEF**

27. Designation of this action as a collective action on behalf of the proposed members of the FLSA representative action and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class apprising them of the pendency of this action and permitting them to assert timely FLSA claims in this action by filing individual consents to sue pursuant to 29 U.S.C. § 216(b);

28. Designation of Plaintiff, RACHEL GOMEZ GARCEZ, as Representative Plaintiff of the putative members of the FLSA representative action;

29. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

30. An award of damages, including liquidated damages, to be paid by Defendant;

31. Costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees, pre-Judgment and post-Judgment interest, as provided by law; and

32. Any and all such other and further legal and equitable relief as this Court deems necessary, just, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and all others similarly situated, hereby demands a jury trial on all causes of action and claims with respect to which she and all members of the proposed representative action have a right to jury trial.

    Respectfully submitted,

    **GOLDBERG & LOREN, PA**
    By: /s/ James M. Loren, Esq.
    **James M. Loren**
    **Attorney-in-charge**
    FL Bar No.: 55409
    George Z. Goldberg
    FL Bar No.: 31186
    Rachel Rustmann
    TX Bar No. 24073653
    3102 Maple Ave, Suite 450
    Dallas, Texas 75201
    Main Phone:   800-719-1617
    Facsimile:    (954) 585-4886
    jloren@goldbergloren.com
    rrustmann@goldbergloren.com
    ggoldberg@goldbergloren.com
    *Attorneys for Plaintiff*